## Parisi v. Kipp

*Roger E. Legg*, for plaintiff.
*Edward A. Savastio*, for defendant.

JEROME, *J.*, February 18, 1983—Plaintiff Erika Parisi, M.D., instituted an action in assumpsit on January 28, 1980, against defendant Charles M. Kipp, M.D., for failure to compensate her for three weeks of vacation and to pay her bonuses as agreed to pursuant to her employment contract and by oral agreement. On August 6, 1981, the matter was heard by an arbitration panel which entered an award in favor of plaintiff for $4,500. Defendant timely appealed. A motion to withdraw the appeal was filed on May 6, 1982. After briefs were filed on both sides, Judge Howard F. Reed, Jr., entered an order on August 2, 1982, granting defendant's motion to withdraw and ordering that the appeal continues as to plaintiff, who was ordered to reimburse defendant for the costs of the appeal he had paid. The case was heard on December 20, 1982, by a jury who returned a verdict of $6,750 in favor of plaintiff. Defendant again timely appealed.

Defendant's sole contention on appeal is that he should have been able to unilaterally withdraw his appeal under Pa.R.C.P. 1309 and 1310 and suffer the award of the arbitrators.

Pa.R.C.P. 1309 states that, "Any appeal by any party shall be deemed an appeal by all parties as to all issues unless otherwise stipulated in writing by all parties." According to Pa.R.C.P. 1310, "No appeal may be discontinued except by leave of Court after notice to all parties or upon the filing of the written consent of all parties." Further, the footnote to Rule 1309 states that because prior decisions in this area had been so confusing the approach that an appeal from arbitration by one party

will inure to the benefit of another was adopted. We find this to be the plain and obvious meaning of the rule.

Defendant suggests that Rule 1309 can be interpreted to mean that an appeal by one party inures to the benefit of only those on the same side as the appealing party. Although defendant cites a few cases in support of his theory, we find these cases to be inapposite since they were decided well before the effective date of the rule.

In further support of our interpretation of Rule 1309, we cite Pa.R.A.P. 903 which states that a notice of appeal to the Commonwealth Court, Superior Court or Supreme Court must be filed within 30 days after the entry of the order from which the appeal was taken. Rule 903(b) which provides for cross-appeals states that if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date of the first appeal. The language of this rule make it obvious that an appeal by one party will not inure to the benefit of another party since the rule expressly provides for cross-appeals. The failure to include like provisions in Rule 1309 indicates an intent for different treatment of arbitration appeals and appeals to higher courts.

Although we sympathize with defendant's plight, we are bound by the plain meaning of Rule 1309. Therefore, we enter the following

## ORDER

And now, February 18, 1983, upon consideration of defendant's motion for judgment non obstante verdicto or in arrest of judgment and brief in support thereof, and plaintiff's brief in opposition thereto, defendant's motion for judgment non obstante verdicto or in arrest of judgment is denied.